IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOUMARD HARRIS**, | Case No. 3:13-CV-00650-SU |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| **DISTRICT COURT FOR SOUTHERN INDIANA AND F.C.I. SHERIDAN WARDEN FEATHERS**, | |
| Respondents. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on May 14, 2013. Dkt. 9. Judge Sullivan recommended that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 2) be summarily dismissed. Petitioner timely filed objections to the Findings and Recommendation (Dkt. 14) and requested leave to supplement his Petition and his Objections (Dkts. 13, 15, and 16), which the Court granted. On October 23, 2013, Petitioner filed his third motion for leave to supplement his Petition, Dkt. 19, which the Court hereby grants. For the reasons discussed below, the Court declines to adopt the

Findings and Recommendation, does not summarily dismiss Petitioner's Petition, and appoints counsel for Petitioner.

## STANDARDS FOR REVIEWING FINDINGS AND RECOMMENDATION

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution, Sheridan. On November 4, 2003, he was sentenced in the Southern District of Indiana to fifteen years to life arising out of his conviction for being a felon in possession in violation of 18 U.S.C. § 922(g)(1). Petitioner's sentence was increased from what would otherwise have been a ten-year maximum sentence

PAGE 2 – OPINION AND ORDER

because he was classified as a career offender. Petitioner alleges that his classification as a career offender was based in part on his previous conviction for criminal recklessness.

Filing *pro se* in the Southern District of Indiana, Petitioner challenged his sentence under 28 U.S.C. § 2255. This challenge was denied on February 23, 2007. Petitioner then filed, again *pro se*, in the Southern District of Indiana additional motions under § 2255, which were denied based on the prohibition under § 2255(h) against subsequent motions without leave of the appellate court. On April 16, 2013, Petitioner filed *pro se* before this Court the pending § 2241 Petition, challenging the legality of his sentence in light of the United States Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008), regarding what constitutes an appropriate underlying offense for purposes of career offender classification.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). The restrictions on the availability of § 2255 motions cannot be avoided by filing a petition for relief under § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). There is a narrow exception to this general rule, however, under the "escape hatch"[1] provision of § 2255, which permits a federal prisoner to file a § 2241 petition if the remedy under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). In the Ninth Circuit, a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero*, 682 F.3d at 1192 (quoting *Stephens*, 464 F.3d at 898).

---

[1] Also referred to as the "savings clause."
PAGE 3 – OPINION AND ORDER

## A. Actual Innocence for Purposes of the Escape Hatch

In *Marrero*, the United States Court of Appeals for the Ninth Circuit held that a § 2241 petition arguing that a petitioner was erroneously sentenced as a career offender in light of amendments to the sentencing guidelines made after the petitioner's sentence did not qualify under the escape hatch. *Id.* at 1193. The Ninth Circuit reiterated, however, that it has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for purpose of qualifying for the escape hatch." *Id*. The court also expressly noted that "some of our sister circuits have recognized exceptions to the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch" but that the court "need not and do[es] not decide whether to endorse any of the exceptions recognized in other circuits, because Petitioner does not qualify for any of them." *Id*. at 1194-95. Such exceptions might apply in this case.

### 1. Limited Exceptions for Retroactively Applicable Supreme Court Statutory Decisions

#### a. Seventh Circuit *Brown* Exception

One potential exception relevant to the pending Petition is recognized by the Seventh Circuit Court of Appeals.[2] In *Brown v. Caraway*, decided several months after *Marrero*, the Seventh Circuit applied a narrow exception to the categorical bar on § 2241 petitions challenging sentencing enhancements where: (1) the petitioner was sentenced in the pre-*Booker* era when the

---

[2] In the Seventh Circuit, like the Ninth Circuit, the escape hatch generally requires actual innocence. *See Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008) (finding that the escape hatch is only applicable when a prisoner would otherwise be "unable to present a claim of actual innocence") (cited in *Marrero*, 682 F.3d at 1193, for the proposition that other circuits "are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement"). The test in the Seventh Circuit for when the escape hatch is applicable, however, is different from the test in the Ninth Circuit.

PAGE 4 – OPINION AND ORDER

guidelines were considered mandatory;[3] (2) there is a retroactive statutory interpretation opinion by the United States Supreme Court rendering the sentencing court's decision unlawful; and (3) at the time of the first § 2255 petition, there was binding precedent foreclosing the argument made in the pending § 2241 petition. 719 F.3d 583, 585-86 (7th Cir. 2013).

The Seventh Circuit adopted this exception based on the text of the escape hatch, which allows a § 2241 petition where the § 2255 remedy is "inadequate or ineffective to test the legality of [the prisoner's] *detention*." 28 U.S.C. § 2255(e) (emphasis added). The Seventh Circuit noted that this provision "focuses on the legality of the prisoner's detention . . . it does not limit its scope to testing the legality of the underlying criminal conviction." *Brown*, 719 F.3d at 588. The court stated that:

> To classify an individual as belonging to a "subgroup of defendants, repeat violent offenders" is to "increase, dramatically, the point of departure of his sentence" and accordingly is "certainly as serious as the most grievous misinformation that has been the basis for granting habeas relief." Thus, the misapplication of the sentencing guidelines, at least where (as here) the defendant was sentenced in the pre-*Booker* era, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding.

*Id*. at 587-88 (*quoting Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011)).

---

[3] Recently, in the context of a § 2255 motion, the Eleventh Circuit Court of Appeals held that a designation as a career offender that was rendered erroneous by a later Supreme Court decision "can amount to a fundamental defect that inherently creates a complete miscarriage of justice" even when sentencing occurred after *Booker*. *Spencer v. United States,* 727 F.3d 1076, 1087-88 (11th Cir. 2013). The court expressly recognized that it was departing from the more restrictive holding of the Seventh Circuit Court of Appeals in *Brown* that only pre-*Booker* sentences rise to the level of a fundamental miscarriage of justice. The *Spencer* court reasoned that, although the guidelines are considered advisory after *Booker*, they are, as instructed by the Supreme Court, "'the lodestone of sentencing'" and "'district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.'" *Id*. at 1087 (quoting *Peugh v. United States*, ─── U.S. ───, 133 S. Ct. 2072, 2083-84 (2013)). Here, Petitioner was sentenced pre-*Booker*, and thus would fall within the relevant fundamental miscarriage of justice analyses of both the Seventh and the Eleventh Circuit Courts of Appeals.

PAGE 5 – OPINION AND ORDER

The Seventh Circuit in *Brown* acknowledged that its decision was a departure from the Eleventh Circuit[4] and the Fifth Circuit. *Id*. at 588. The Eleventh Circuit, in *Gilbert v. United States*, found that the escape hatch did not apply to a petitioner who was sentenced pre-*Booker*, was designated as a career offender, had challenged the legality of his designation as a career offender on direct appeal, was sentenced to less than the statutory maximum even with the career offender sentencing enhancement, and brought a § 2241 petition eleven years later because one of the underlying crimes that supported his career offender designation was no longer considered a violent offense after *Begay*. 640 F.3d 1293, 1303-05 (11th Cir. 2011). Although the Eleventh Circuit foreclosed application of the escape hatch in the circumstances of *Gilbert*, it expressly noted that the actual innocence exception may apply to situations such as are present in this case. The court explained that the escape hatch may apply to

> pure *Begay* errors, by which we mean errors in the application of the "violent felony" enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e). A *Begay* error in the classification of a prior conviction that was used to impose an enhanced sentence under § 924(e) would necessarily have resulted in the defendant being sentenced to a term of imprisonment that exceeded what would have been the statutory maximum without the error. *Compare* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years . . . ."), with 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense . . . such person shall be . . . imprisoned not less than fifteen years . . . .").

*Id*. at 1319 n.20. The *Gilbert* court did not reach this issue because it was not present in that case.

In *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000), the Fifth Circuit rejected the application of the escape hatch to an assertion that a petitioner is actually innocent of being a

---

[4] In light of the reasoning of *Spencer*, decided after *Brown*, it is not clear that *Brown* remains a significant departure from the law in the Eleventh Circuit.

career offender. The court relied, in part, on the fact that being actually innocent of being a career offender "is not the type of argument that courts have recognized may warrant review under § 2241." *Id*. at 213. *Kinder* was decided well before *Brown* or *Williams*[5] (discussed below), and the Fifth Circuit has not specifically discussed the narrow exceptions recognized in those cases and whether those exceptions will be recognized in the Fifth Circuit.

Here, as alleged by Petitioner, the three elements of the *Brown* exception appear to be met. For the first element, Petitioner was sentenced pre-*Booker*. For the second element, the Supreme Court's decision in *Begay* was issued after Petitioner's sentencing and original § 2255 motion. Whether *Begay* is retroactive, however, has not yet been decided by the Ninth Circuit Court of Appeals. Other circuit courts, however, have considered this issue, and all but one circuit that have analyzed the issue have found that *Begay* applies retroactively. *See, e.g.*, *Spencer v. United States*, 704 F.3d 917 (11th Cir. 2013); *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012); *Lindsey v. United States*, 615 F.3d 998 (8th Cir. 2010); *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010).[6] The only circuit to find that *Begay* does not apply retroactively is the Fifth Circuit, which based its conclusion that *Begay* does not apply retroactively to collateral review cases on the fact that the Supreme Court has not yet stated as much. *In re Bradford*, 660 F.3d 226, 231 (5th Cir. 2011). The court finds the reasoning of those courts holding *Begay* retroactive is persuasive and, thus, the second *Brown* element is met.

For the third element, there was binding Seventh Circuit precedent at the time of Petitioner's § 2255 motion that precluded Petitioner from arguing that his conviction for criminal

---

[5] *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013).

[6] Although not specifically analyzing the issue, the Second and Fourth Circuit Courts of Appeals also appear to consider *Begay* to be retroactively applicable. *See, e.g.*, *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012); *Harrington v. United States*, 689 F.3d 124 (2nd Cir. 2012).

PAGE 7 – OPINION AND ORDER

recklessness was not a violent felony. In 1999, the Seventh Circuit determined that in Indiana a conviction for criminal recklessness constituted a violent felony for purposes of the Armed Career Criminal Act. *United States v. Jackson*, 177 F.3d 628, 633 (7th Cir. 1999). The Seventh Circuit later recognized that, based on *Begay*, the *Jackson* decision was erroneous and a conviction for criminal recklessness is not a violent felony for purposes of the Armed Career Criminal Act. *United States v. Smith*, 544 F.3d 781, 787 (7th Cir. 2008). Therefore, the third *Brown* element is met.

The Ninth Circuit Court of Appeals has not considered the exception recognized in *Brown* and has expressly reserved deciding such exceptions. *Brown* is directly on point with this case. As in *Brown*, Petitioner here was sentenced in the pre-*Booker* era, was designated a career offender based on an underlying crime that, pursuant to *Begay* (a Supreme Court decision with retroactive application), was later clarified as not a violent offense, and at the time of Petitioner's original motion under § 2255 there was binding precedent foreclosing any argument that the relevant underlying crime was not a violent offense. The Court finds the reasoning of *Brown* persuasive.

### b. Eleventh Circuit *Williams* Exception

Another exception to the general rule against § 2241 petitions challenging sentences based on the impact of a retroactive Supreme Court decision has been recognized by the Eleventh Circuit. After *Gilbert* was decided, the Eleventh Circuit clarified that a narrow exception in which the escape hatch might apply to the challenge of a sentence is when the claim is based upon a retroactively applicable Supreme Court decision that "overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it a trial, on appeal, or in his first § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013). Such circumstances represent a "'fundamental

PAGE 8 – OPINION AND ORDER

defect in sentencing'" where "'the petitioner had not had an opportunity to obtain judicial correction of that defect earlier.'" *Id.* (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). In *Williams*, the court did not apply the escape hatch because, unlike in this case, there was no binding circuit precedent foreclosing the argument that the relevant underlying offense was not a violent felony for purposes of designation as a career offender.

Here, Petitioner's Petition appears to fall directly within the exception contemplated by the Eleventh Circuit in *Williams* because *Begay* is a retroactive Supreme Court decision that overturned circuit precedent that had squarely resolved Petitioner's claim so that he had no genuine opportunity to raise it at trial, on appeal, or in his original § 2255 motion. The Ninth Circuit has also not yet considered this exception.

### 2. Statutory Maximum Exception

Another possible exception to the prohibition against § 2241 petitions challenging sentences is the statutory maximum exception. In *Marrero*, the court expressly noted that it was not opining as to whether it would recognize under the escape hatch § 2241 petitions where the petitioner received a guidelines sentence greater than the statutory maximum. 682 F.3d at 1194-95. Such an exception, however, has been recognized by the Eleventh Circuit. *See Gilbert*, 640 F.3d at 1319 n.20 ("For that reason, a pure *Begay* error would fit within the government's concession that the savings clause applies to errors that resulted in a sentence beyond the statutory maximum that would have applied but for the error."). Here, Petitioner received a guidelines sentence that was greater than the statutory maximum of ten years.

## B. Unobstructed Procedural Shot

If Petitioner is actually innocent of his sentence, he still must show that he did not have an unobstructed procedural shot at presenting his argument. In considering this issue, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had

PAGE 9 – OPINION AND ORDER

exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quotation marks and citation omitted). As discussed above, at the time of Petitioner's direct appeal and § 2255 motion, there was binding precedent in the Seventh Circuit foreclosing any argument that his underlying conviction of criminal recklessness was not a violent offense for purpose of categorizing Petitioner as a career offender, and this law was not changed until after the Supreme Court's decision in *Begay*, which was after Petitioner filed his original § 2255 motion.

## CONCLUSION

In light of the potentially applicable exceptions to the general rule that a prisoner may not challenge his or her sentence through a § 2241 petition, the Court finds that it does not plainly appear from the face of the petition that Petitioner is not entitled to relief. Therefore, the Court declines summarily to dismiss the Petition and does not adopt the Findings and Recommendation (Dkt. 9). Additionally, the Court finds that given the complexity of the issues involved in this case and Petitioner's likelihood of success on the merits, it would be beneficial to the Court and to Petitioner and in the interests of justice for counsel to be appointed. Accordingly, Petitioner's third motion to supplement his Petition (Dkt. 19) is granted, the Petition for Habeas Corpus (Dkt. 2) shall be served on the government, along with its supplements (Dkts. 13, 15, and 19), and counsel shall be appointed. In light of this Opinion and Order, Petitioner's motion requesting the Court set an evidentiary hearing (Dkt. 20) is denied as moot.

**IT IS SO ORDERED**.

DATED this 14th day of November 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge